UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONNY POWE,<br><br>　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:20-cv-00507-MMD-CLB<br><br>ORDER |

　　　This is a *habeas corpus* action under 28 U.S.C. § 2254. The Court previously ordered Petitioner Ronny Powe to pay the filing fee. (ECF No. 3.) Petitioner has since paid the filing fee. (ECF No. 4.) The Court has reviewed Petitioner's writ of *habeas corpus* (ECF No. 1-1 ("Petition")) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

　　　Petitioner has also submitted a motion for appointment of counsel. (ECF No. 1-2.) Whenever the Court determines the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking *habeas corpus* relief. *See* 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (emphasis in original). There is no constitutional right to counsel in federal habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims but are intrinsically enmeshed with them. *See Weygandt*, 718 F.2d at 954.

　　　A balance of these factors weight against appointment of counsel. Petitioner pleaded guilty to first-degree kidnapping with the use of a deadly weapon. (ECF No. 1-1 at 3.) Petitioner claims Petitioner's deadly-weapon enhancement sentence under NRS

§ 193.165 is illegal because the prosecution did not prove beyond a reasonable doubt the weapon at issue, a firearm, is a deadly weapon, nor did the prosecution prove beyond a reasonable doubt Petitioner used a deadly weapon. (*Id.* at 3-5.) Petitioner pleaded guilty. (*Id.*) If Petitioner admitted in Petitioner's plea colloquy that he used a deadly weapon, then Petitioner admitted all the facts necessary for the state district court to impose a deadly-weapon enhancement sentence. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004). The Court cannot determine if the Petition lacks merit for certain without reviewing the state-court record. Nonetheless, it is unlikely Petitioner will succeed on the merits. The Court finds that appointment of counsel is not warranted.

It is therefore ordered that the Clerk of Court file Petitioner's writ of *habeas corpus* (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2).

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is denied.

The Clerk of Court is further directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

The Clerk of Court is further directed to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

It is further ordered that Respondents must file a response to the Petition, including potentially by motion to dismiss, within 60 days of entry of this order and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the Petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 27th Day of October 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE